Filed 11/19/20  P. v. King CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302319 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A350469) |
| v. | |
| ALFRED KING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kerry R. Bensinger, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Alfred King (defendant) appeals the trial court's summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  We conclude there was no error, and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

I.    **Facts**[2]

A.    *The underlying crime*

On April 25, 1979, defendant demanded $15 from Barry Scoggins (Scoggins) owed to him as a result of a prior sale of PCP. Scoggins refused, and defendant shot and killed him.

B.    *Prosecution, conviction and appeal*

The People charged defendant with Scoggins's murder (§ 187, subd. (a)), and further alleged that he personally used a firearm in committing the murder (§ 12022.5).  At trial, defendant admitted the shooting but claimed he was acting in self-defense as he believed Scoggins was about to attack him with a knife.  A jury found defendant guilty of second degree murder (§ 187) and found true the allegation that he used a firearm in committing the murder.  The trial court sentenced defendant to prison for 17 years to life.  Defendant appealed his conviction and we affirmed in an unpublished opinion.

II.    **Procedural Background**

On January 14, 2019, defendant filed a petition seeking resentencing under section 1170.95.  In the form petition, defendant checked the boxes for the allegations that he had been

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction.  (*People v. King* (June 4, 1981, 2D Crim. No. 36980) [nonpub. opn.].)

2

charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." He also requested the appointment of counsel.

After appointing counsel for defendant and entertaining further briefing, the trial court summarily denied the petition on October 8, 2019 on the ground that defendant was "the actual killer" and hence "ineligible for relief" under section 1170.95 "as a matter of law."

Defendant timely filed this appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition. Because resolution of defendant's arguments turns on questions of statutory construction and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person filing a petition under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing and a hearing if, in his petition, he "makes a prima facie showing that he . . . is entitled to relief" under that section. (§ 1170.95, subds. (c) & (d); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 (*Verdugo*).) A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or

3

murder under the natural and probable consequences doctrine," (2) he "was convicted of . . . second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer." (§ 189, subd. (e)(1).) A "'prima facie showing is one that is sufficient to support the position of the party in question.'" (*Lewis*, at p. 1137, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

Where a defendant in his petition alleges each element necessary to make out a prima facie case for relief under section 1170.95, a trial court evaluating whether a defendant has made a prima facie showing in a section 1170.95 petition is not required to accept those allegations at face value and may also examine the record of conviction. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481 (*Edwards*); *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011 (*Torres*).) However, the contents of the record of conviction defeat a defendant's prima facie showing only when the record "show[s] *as a matter of law* that the petitioner is not eligible for relief." (*Lewis*, at p. 1138, italics added; *Verdugo*, at p. 333; *Torres*, at p. 1177; *Drayton*, at p. 968; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*) [record must show defendant is "indisputably ineligible for relief"].)

4

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible for relief. That is because the jury found defendant guilty of second degree murder, and further found true that defendant personally used a firearm in committing that murder. The jury's findings of fact necessarily label defendant as the "actual killer" and hence ineligible for relief under section 1170.95. (E.g., *Cornelius*, *supra*, 44 Cal.App.5th at p. 58 [so holding]; *Tarkington*, *supra*, 49 Cal.App.5th at pp. 899, 910 [same].)

Defendant resists this conclusion with two arguments.

First, he argues that the trial court erred in not accepting his allegation that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019,"[3] even though the jury at his trial found that he was the actual killer (and hence could still be convicted of murder under the as-amended sections 188 and 189) because section 1170.95's plain language prohibits trial courts from summarily dismissing petitions even if prior jury findings foreclose relief under section 1170.95 as a matter of law. In the same vein, he adds that section 1170.95's status as a "special proceeding" requires strict adherence to the procedures set forth in that statute. In so arguing, defendant is effectively asserting that *Lewis*, *Verdugo*, *Cornelius*, *Drayton*, *Edwards*, *Torres* and *Tarkington* are all "incorrect[]." These decisions have rejected every argument defendant now advances. Although our Supreme

---

[3] Curiously, defendant did *not* check the box on his petition indicating that he "was not the actual killer," even though the form petition clearly indicates that he is not entitled to relief unless he could check that box.

5

Court has granted review in *Lewis*, *Verdugo, Cornelius, Edwards, Torres* and *Tarkington*, we continue to find them persuasive unless and until the Supreme Court rules otherwise.

Second, defendant more narrowly contends that, even if a trial court may consider *some* parts of the record of conviction in evaluating eligibility for relief under section 1170.95, it may not consider the facts set forth in a prior appellate decision (which, he says, set forth the facts in the light most favorable to the People). We need not confront the totality of this argument because the summary denial of defendant's section 1170.95 petition in this case rests not on the *facts regarding the offense* that are recited in the prior appellate decision, but rather on the *facts setting forth the jury's findings* recited in that decision—namely, the fact that the jury found defendant guilty of second degree murder and found true that defendant had personally "used a deadly weapon in committing the offense." *Those* latter facts are a proper subject of judicial notice as an "accurate[]" "reflect[ion of] what is in the trial record" and are properly admitted for "the nonhearsay purpose of determining the basis of the conviction." (*People v. Woodell* (1998) 17 Cal.4th 448, 456-457, 459-461; *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 885 ["an appellate opinion can be admitted to prove . . . that the court made orders, factual findings, judgments and conclusions of law"]; *People v. Franklin* (2016) 63 Cal.4th 261, 280 [same]; *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 147 ["findings of fact" may be judicially noticed]; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565 ["it may be proper to take judicial notice that [a trial judge] did in fact make [a] particular finding" of fact "after hearing a factual dispute"], italics omitted.)

6

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ